IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| TRAVIS CARLISLE and MARGARET YOUNG, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) CASE NO. 3:23-cv-657-ECM-JTA ) |
| LEE COUNTY, ALABAMA, | ) ) |
| Defendant. | ) |

## ORDER AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Before the court is Defendant Lee County, Alabama's Motion to Dismiss or, in the Alternative, Motion for a More Definite Statement. (Doc. No. 8.) Also before the court is Plaintiffs' Motion for Extension of Time and/or to Treat Defendant's Motion to Dismiss or for More Definite Statement as a Motion for Summary Judgment, which the court construes as also containing a Motion for Leave to Amend the Complaint. (Doc. No. 14.)

On November 29, 2023, the court ordered Plaintiff Travis Carlisle, who purports to be proceeding *pro se*, to show cause in writing why Defendant's Motion to Dismiss or, in the Alternative, Motion for a More Definite Statement should not be granted. (Doc. No. 12.) The court cautioned Carlisle that, "should he fail to show cause why Defendant's motion should not be granted or fail to comply with this Order, the Magistrate Judge will recommend that his complaint be dismissed." (*Id.*) December 12, 2023, was the deadline to show cause. The order was served on Carlisle in the usual manner for service of show

cause orders on *pro se* plaintiffs, *i.e.*, by regular United States mail and also by certified mail.[1] Carlisle did not show cause.

On December 15, 2023, Plaintiff Margaret Young, who is an attorney and is proceeding *pro se*, filed Plaintiffs' Motion for Extension of Time and/or to Treat Defendant's Motion to Dismiss or for More Definite Statement as a Motion for Summary Judgment. (Doc. No. 14.) She represented that Plaintiffs (both of them) needed more time to respond to Defendant's Motion to Dismiss or, in the Alternative, Motion for a More Definite Statement because *Young* had been unable to open[2] her emailed service copies of "the pleadings"[3] and had to obtain them from opposing counsel and "a friend who is admitted in federal court and could access the file through PACER." (Doc. No. 14. at 2.)

---

[1] The copy of the November 29, 2023 Order sent to Carlisle at his address by certified mail was returned to the court as undeliverable.

[2] Upon inquiring with the office of the Clerk of the Court, the undersigned learned that, though Young is *pro se*, because Young is also an attorney previously admitted to this court, the Clerk's Office allowed her to be served electronically via CM/ECF in accordance with Local Rule 5.4, which allows for such service "upon each party in the case who is registered as a Filing User" in the CM/ECF system. However, despite being a registered Filing User, Young had allowed her membership in this court's bar to lapse by not renewing it. Thus, she was unable to access the CM/ECF (PACER) system until she paid the requisite fee and renewed her membership, which accounted for the delay in her ability to access documents via the electronic filing system.

[3] Presumably, Young is using the term "pleadings" to refer to court orders and documents Defendant filed. Other than the Complaint, which Plaintiffs filed in state court prior to removal, no pleadings have been filed in this case. *See* Fed. R. Civ. P. 7(a) (defining "pleadings"). Carlisle represents in her motion that her inability to access Defendant's motion and brief through the CM/ECF system also contributed to excusable neglect in her and Carlisle not responding earlier to Defendant's motion. (Doc. No. 14 at 2.) However, in addition to electronically serving Young by filing through the CM/ECF system, Defendant also separately served her with copies of its Notice of Removal, motions, and other filings at her home address and her personal email address. (*See*, *e.g.*, Doc. No. 1 at 3; Doc. No. 8 at 3; Doc. No. 9 at 10; Doc. No. 16 at 2.) Accordingly, Young's inability to access the CM/ECF system did not prevent her from accessing any of Defendant's motions, briefs, or other filings.

Young did not explain why *her own* delayed electronic[4] access to orders entered in this case prevented *Carlisle* (who had been served by mail)[5] from complying with the court's November 29, 2023 Order to show cause. Nevertheless, Young filed the motion on behalf of both Plaintiffs and represented that Carlisle concurred in the motion. (Doc. No. 14 at 1, 3.)

At present, Carlisle has not personally[6] responded to the November 29, 2023 Order to show cause, and Young has affirmatively indicated that neither she nor Carlisle opposes Defendant's Motion for More Definite Statement. (Doc. No. 14 at 2.) In addition, in response to the Motion to Dismiss and Motion for More Definite Statement, Young, on both Plaintiffs' behalf, has affirmatively sought leave to amend the Complaint. (Doc. No.

---

[4] While it is not known whether Carlisle informed Young about his receipt of court orders served on him at his home address, the court notes that Young resides at the same address as Carlisle and is in regular communication with him about this case. (*See*, *e.g.*, Doc. No. 1; Doc. No. 8 at 3; Doc. No. 9 at 10; Doc. No. 13; Doc. No. 16 at 2; Doc. No. 14.)

[5] Not only was Carlisle served with the November 29, 2023 Order by United States Mail, but he was also served with all other orders by United States Mail. In addition, Defendant's filings include certificates of service indicating that Defendant properly served Carlisle by United States Mail with its own motions and other filings as well. (*See*, *e.g.*, Doc. No. 8 at 3; Doc. No. 9 at 10; Doc. No. 16 at 2.)

[6] In apparent violation of Rule 11(a) of the Federal Rules of Civil Procedure, Carlisle did not sign the motion Young filed on his behalf as well as her own. Young did not include him on the Certificate of Service either. (*Id*.) These facts would not be notable if Young was acting as Carlisle's attorney, but, allegedly, she is not. Instead, Carlisle purports to be proceeding separately *pro se*, not through Young as his attorney. Therefore, unless Young files a notice of appearance on Carlisle's behalf, Carlisle must conduct his own case personally and not through Young, and must comply with the Federal Rules of Civil Procedure, including Rule 11(a). 28 U.S.C. § 1654 (providing that, in federal court, parties "may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein"); *Maus v. Ennis*, 513 F. App'x 872, 878 (11th Cir. 2013) ("*[P]ro se* litigants are subject to the Federal Rules of Civil Procedure, including sanctions for misconduct and for failure to comply with court orders."). Therefore, Carlisle will be required to file a written notice clearing up this issue of the status of his representation.

14 at 2.) Defendant does not oppose the motion to amend. (Doc. No. 16 (noting that Plaintiffs may "choose to amend their pleading").) Because Defendant affirmatively moved for an order requiring an amended complaint more definitely stating Plaintiffs' claims (which Plaintiffs do not oppose), because Young moved for leave to amend so that Plaintiffs could correct any pleading deficiencies, and because Defendant has not opposed Young's motion for leave to amend, the court concludes that an amendment is warranted and justice so requires. Fed. R. Civ. P. 15(a)(2) (providing that, where the opposing party gives written consent, amendment is permitted without leave of court and further that, where leave of court is required, "[t]he court should freely give leave when justice so requires"); *Foman v. Davis*, 371 U.S. 178, 182 (1962) ("Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded."). Accordingly, it is

ORDERED as follows:

1. Defendant's Motion for More Definite Statement (Doc. No. 8) is GRANTED.

2. The Motion for Leave to Amend (Doc. No. 14) is GRANTED.

3. The Motion for Extension of Time (Doc. No. 14) is DENIED as moot.

4. The Motion to Treat Defendant's Motion to Dismiss or for More Definite Statement as a Motion for Summary Judgment (Doc. No. 14) is DENIED as moot.

5. **On or before January 29, 2024**, Plaintiffs Young and Carlisle shall file an amended complaint in accordance with following:

    a.    The amended complaint shall comply with the Federal Rules of Civil Procedure, including Rules 8(a), 8(d), and 10;

    b.    The amended complaint shall be the full, complete, concise statement of Plaintiffs' claims without reference to or incorporation of any previous pleadings or filings. *See* L.R. 15.1. The amended complaint will supersede all original or amended complaints previously filed in this case. *See Healthier Choices Mgmt. Corp. v. Philip Morris USA, Inc.*, 65 F.4th 667, 676 (Fed. Cir. 2023) (stating that "an amended complaint supersedes the previous complaint," therefore "a district court, in considering an amended complaint, should not consider the now 'abandoned' original complaint and its attachments").

    c.    The amended complaint shall set forth a short and plain statement of the grounds for the court's jurisdiction.

    d.    Each Plaintiff's standing to bring the claims in the amended complaint shall be clear upon the face of the amended complaint.

    e.    The amended complaint must set out in separately numbered paragraphs a short, plain statement of the facts on which Plaintiffs bases their claim(s). The amended complaint shall clearly set forth the relevant factual allegations, clearly indicate how the factual allegations support each legal claim and specify exactly which claim(s) each Plaintiff is asserting against which Defendant(s). To the extent possible, for each alleged constitutional violation or other legal

        claim, Plaintiffs shall include the date(s) of the alleged constitutional violation or wrongful acts by Defendant(s), a description of the alleged constitutional violation of wrongful act, the facts supporting Plaintiffs' contention that a constitutional violation or other wrongful act occurred, and the alleged constitutional provision, statute, or law violated.

  f.    The amended complaint must set out Plaintiffs' legal claims in separate counts, with one claim per count, referencing the specific allegations of fact that support each legal claim. "If doing so would promote clarity, each claim founded on a separate transaction or occurrence … must be stated in a separate count." Fed. R. Civ. P. 10(b).

  g.    The amended complaint shall state plainly the relief Plaintiffs request from the court.

  h.    The amended complaint shall be "signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a). <u>This means that one *pro se* party **cannot** sign the amended complaint on behalf of another *pro se* party, even if the *pro se* party doing the signing happens to be an attorney</u>.

  i.    ***Plaintiffs are ADVISED that failure to timely file an amended complaint in accordance with this Order may constitute grounds for dismissal for failure to prosecute this case and grounds for***

*sanctions, including dismissal for failure to comply with the court's orders.*

6. **On or before January 29, 2024,** Plaintiff Travis Carlisle shall **either** (a) file a *pro se* written notice, signed in accordance with Rule 11 of the Federal Rules of Civil Procedure, stating that he intends to conduct his own case personally and not through counsel, **or** (2) have his counsel file a written notice of appearance on his behalf in compliance with the Federal Rules of Civil Procedure, this court's Local Rules, and the Alabama Rules of Professional Conduct. *Carlisle is ADVISED that failure to timely comply with this Order may constitute grounds for dismissal for failure to prosecute this case and grounds for sanctions, including dismissal for failure to comply with the court's orders.*

Further, in light of the granting of Defendant's Alternative Motion for More Definite Statement (Doc. No. 8) and the granting of Young's Motion to Amend filed on behalf of the Plaintiffs (Doc. No. 14), it is the

RECOMMENDATION OF THE MAGISTRATE JUDGE that Defendant's Motion to Dismiss the original complaint (Doc. No. 8) be DENIED as moot and that this action be referred back to the undersigned for further proceedings. Further, it is

ORDERED that the parties shall file any objections to this Recommendation on or before **January 22, 2024**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or

general objections will not be considered. Plaintiff is advised that this Recommendation is not a final order of the Court; therefore, it is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1; *see Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 8th day of January, 2024.

　　　　　　　　　　　　　　　/s/ Jerusha J. Adams
　　　　　　　　　　　　　　　JERUSHA T. ADAMS
　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE